IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:20-CR-245-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSHUA MATTHEWS HOUCHINS, | ) | |
| | ) | |
| Defendant. | ) | |

On November 6, 2023, Joshua Matthew Houchins ("Houchins" or "defendant") moved pro se for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines ("Amendment 821") [D.E. 90] and filed exhibits in support. On November 14, 2023, the court appointed the Federal Public Defender's Office to represent Houchins [D.E. 91]. On August 28, 2024, Houchins, through counsel, moved for sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 821 [D.E. 94]. On September 25, 2024, Houchins supplemented his motion [D.E. 96]. Houchins requests a sentence reduction from 120 months' imprisonment per count to 87 months' imprisonment per count. See [D.E. 95-2] 1. As explained below, the court denies Houchins's motion for a sentence reduction.

I.

On June 25, 2021, with a written plea agreement, Houchins pleaded guilty to wire fraud (count nine) and possession of a firearm by a felon (count fourteen). See [D.E. 42, 73]; Plea Ag. [D.E. 44] ¶ 3.a. On November 15, 2021, the court held Houchins's sentencing hearing. See [D.E. 59, 61, 62]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 55]. See Sent. Tr. [D.E. 74] 5; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated

Houchins's total offense level to be 28, his criminal history category to be III, and his advisory guideline range to be 97 to 121 months' imprisonment. See Sent. Tr. 5; cf. PSR [D.E. 55] ¶¶ 91–92. After considering all relevant factors under 18 U.SC. § 3553(a), the court sentenced Houchins to 120 months' concurrent imprisonment on each count. See Sent. Tr. 34–43; [D.E. 61]. On November 22, 2021, Houchins appealed. See [D.E. 65]. On January 25, 2023, the United States Court of Appeals for the Fourth Circuit affirmed. See [D.E. 86, 87].

II.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(2); Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (quotation and emphasis omitted). At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been

2

in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up). If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); United States v. McDonald, 986 F.3d 402, 410–12 (4th Cir. 2021); Martin, 916 F.3d at 395–98.

Houchins moves for a sentence reduction based on Amendment 821 Part A. See [D.E. 90] 1; [D.E. 93] 1. Amendment 821 Part A, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by striking the old section 4A1.1(d). See U.S.S.G. app. C, amend. 821. Before Amendment 821, section 4A1.1(d) added two status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. § 4A1.1(d) (2021). Section 1B1.10 authorizes a court

3

to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821. See id. § 1B1.10(d).

At step one, the court calculates Houchins's new advisory guideline range to be 87 to 108 months' imprisonment on counts nine and fourteen based on a total offense level 28 and a criminal history category II. See [D.E. 93] 1. Houchins's new total offense level remains the same as his previous total offense level. In accordance with Amendment 821 Part A, the court removes the two status points assessed under U.S.S.G. § 4A1.1(d) for a defendant who committed his offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status if a defendant has six or fewer points under U.S.S.G. § 4A1.1(a)–(d). Accordingly, Houchins is a criminal history category II. See [D.E. 93] 1; cf. PSR ¶¶ 29–38.

At step two, the court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 490–93; Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023); United States v. Swain, 49 F.4th 398, 402 (4th Cir. 2022); United States v. Chambers, 956 F.3d 667, 671–75 (4th Cir. 2020), abrogated on other grounds by Concepcion v. United States, 597 U.S. 481 (2022); United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). Houchins is 41 years old and engaged in serious criminal behavior between October 2014 and March 2018. See PSR ¶¶ 10–24. Houchins ran a ponzi scheme and was accountable stealing between $550,000 and $1,500,000 from investors. See id. at ¶¶ 10–24. Houchins, already a felon, also possessed an AR-15 rifle, four magazines, a double canister magazine containing 100 rounds of ammunition, two boxes of .223 caliber ammunition, and a tactical vest. See id. at ¶ 23. Furthermore, Houchins attempted to obstruct justice after being caught. See id. at ¶¶ 18–20.

4

Houchins's federal offense conduct was nothing new. In March 2018, Houchins was a recidivist who was no stranger to financial crime. At the time of his federal offense conduct, Houchins had state convictions for passing worthless checks, larceny, and attempted financial fraud. See id. at ¶¶ 29–33.

Houchins cites some positive steps he has taken while federally incarcerated, such as completing coursework, maintaining work assignments, and paying his special assessment. See [D.E. 95-2] 1; [D.E. 95-3] 6, 8–11, 15, 17–22; cf. Pepper, 562 U.S. at 491–92. Houchins asks for a 87-month sentence on counts nine and fourteen. See [D.E. 95-2].

This court disagrees with the Commission's retroactive policy change concerning status points. See Spears v. United States, 555 U.S. 261, 264–66 (2009) (per curiam) (acknowledging that a district court may reject and vary categorically from the guidelines based on a policy disagreement with the guidelines); Kimbrough v. United States, 552 U.S. 85, 108–11 (2007) (same); United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (same). The policy change ignores how status points help to promote respect for the law for every offender who commits a new crime while on supervision. In explaining its reasons for the Amendment, the Commission acknowledged that status points still serve multiple purposes of sentencing, including addressing the offender's lack of respect for the law. See U.S.S.G. supp. app. C, amend. 821, Reason for Amendment, 241 (explaining why the Commission retained status points for offenders in higher criminal history categories); U.S. Sent'g Comm'n Pub. Meeting Transcript, 27–28 (Aug. 24, 2023), https://www.ussc.gov/policymaking/meetings-hearings (same). This court finds that status points serve an important purpose in promoting respect for the law for all offenders, not just offenders in higher criminal history categories. An offender who is on supervision when he commits a new crime shows even less respect for the law than an offender who is not on some form of supervision. A sentencing court may

5

properly account for that difference in status in order to promote respect for the law under section 3553(a).

In any event, even if the court agreed with the Commission's new policy, the court would not reduce Houchins's sentence. Houchins defrauded investors of their money, adversely affecting their retirement and colleges funds and leading to anxiety, depression, and stress. See PSR ¶ 26.

The court has considered the entire record and all relevant policy statements. See Concepcion, 597 U.S. at 494–95 & n.4; Pepper, 562 U.S. at 490; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 410–12; Martin, 916 F.3d at 398. The court has balanced Houchins's rehabilitation efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, his failures on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. See Concepcion, 597 U.S. at 496–502; Pepper, 562 U.S. at 480–81; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the section 3553(a) factors, the arguments, the need to punish Houchins for his serious criminal behavior, to incapacitate Houchins, to promote respect for the law, to deter others, and to protect society, the court denies Houchins's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated the new advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

6

III.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 90, 94] and DENIES as moot defendant's motion to appoint counsel [D.E. 89].

SO ORDERED. This 29 day of October, 2024.

JAMES C. DEVER III
United States District Judge